## THOMAS v. WETZLER.

Plaintiff, in an action commenced by attachment, will be entitled to a judgment by default, against an absconding debtor, where a copy of the citation and petition were left with the wife of the defendant at his residence. The appointment of a curator *ad hoc* is unnecessary in such a case.

APPEAL from the District Court of East Baton Rouge, *Burk*, J. In this case, which was commenced by attachment, a copy of the petition and citation were left with the wife of the defendant at his residence. It was proved that the defendant had absconded. The plaintiff appealed from a judgment refusing him permission to take a judgment by default, on the ground that an attorney should have been appointed to represent the defendant as an absentee.

*Brunot*, for the appellant. No counsel appeared for the defendant. The judgment of the court *(Rost, J.* absent,) was pronounced by

SLIDELL, J. Considering article 253 of the Code of Practice, and the opinion of the court in *Williams* v. *Kimball*, 8 Mart. N. S. 355, we think a judgment of default should have been allowed, and the plaintiff permitted to proceed without the appointment of an attorney *ad hoc.*

It is, therefore, decreed that the judgment of the court below be reversed, and that the cause be remanded for further proceedings according to law, and with instructions to the court below to permit the plaintiff to proceed, without the appointment of an attorney *ad hoc;* the costs of this appeal to be paid by the defendant.[*]

[*] A similar judgment was pronounced, at the same time, in the case of *Medley et al.* against the same defendant.                                                                                   R.